(30 App. Div. 489.)

### YOUNG v. FARWELL et al.

(Supreme Court, Appellate Division, First Department. June 10, 1898.)

**1. ACTION FOR SERVICES—QUANTUM MERUIT.**

The plaintiff was employed by the defendants under a contract providing for a specific salary, and containing an indefinite reference to additional returns for services based on profits. He rendered the services in question, and received the specified salary. Subsequently, without offering to return this amount, he brought an action upon a quantum meruit, to recover compensation for his entire services, proposing to credit the defendants with the amount already received. *Held*, that this position was inconsistent, and that no recovery was warranted.

**2. JUDGMENT—RES JUDICATA.**

He had previously brought an action against the defendants for an accounting as to his additional compensation, and it had then been determined that the contract, in that respect, contained a mere promise of a bonus, which was too indefinite to support the action. *Held*, that this was a conclusive determination against his right of recovery upon a quantum meruit.

Appeal from trial term.

Action by George Wright Young against John V. Farwell, Jr., and others. From a judgment for defendants, and from an order denying a new trial, plaintiff appeals. Affirmed.

Argued before BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Roger Foster, for appellant.
Charles E. Hughes, for respondents.

BARRETT, J. This action is upon a quantum meruit for the plaintiff's services as manager of one of the departments in the defendants' dry-goods establishment at Chicago during the last six months of the year 1889. The defense is that the services were rendered under an express contract, and for an agreed compensation; that full payment for such services in accordance with this express contract has been made; and that all questions in dispute between

the parties upon that head have been settled favorably to the defendants' contention by a judgment of the circuit court in chancery of Cook county, Ill. Upon the trial it appeared that prior to July, 1889, the plaintiff was employed by the defendants at a fixed salary. His salary for the year 1888 was $2,250. This salary was reduced to $1,000 for the first six months of 1889. Upon the 21st of June of that year a new contract was made for the six months following the 1st of July. It is not disputed that the defendants then agreed to pay the plaintiff the same salary as that which he received prior to the reduction, namely, at the rate of $2,250 per annum. But the plaintiff claims that the defendants also agreed to divide with him all the profits he might make in his department above his past average percentage. The dispute between the parties relates to this last claim.

The first difficulty which here presents itself to the plaintiff's recovery is that he concedes that his services were rendered under a special contract, while his action ignores the contract entirely, and proceeds upon a quantum meruit. His answer to this view of the case is certainly novel. He says, in effect, that while the express contract was clear enough as to the specified salary, it was so indefinite with regard to the profits as to be unenforceable. He consequently relies upon the doctrine of "unjust enrichment," and cites the authorities which hold that where services are rendered, not gratuitously, and there is no mutual understanding as to the rate of payment, an action to recover their value upon a quantum meruit will lie. Keener, Quasi Cont. pp. 19, 20, 24; Rider v. Rubber Co., 28 N. Y. 379. It appears, however, that the plaintiff received his stated salary for the six months in question, and he now proposes to retain what he thus received. He offers, it is true, to give the defendants credit therefor as against whatever sum the jury may here award him. He does not, however, offer to restore any part of it in case the jury should think that the reasonable value of his services was less than the sum so received. In other words, he proposes, in substance, to hold the defendants to the express contract so far as it provides explicitly for the payment of the particular sum, and yet treat it as offering no obstacle to his recovery upon a general quantum meruit. It will be observed that his action is not upon a quantum meruit in lieu of the profits, but upon a quantum meruit as to his entire services during the six months. It is difficult to see how he can thus hold the contract in part, and still recover upon the ground that there was no valid agreement as to the rate of payment. He does not even offer to return what he has actually received under the contract. How, then, can he be allowed to abandon it altogether? It seems impossible, under such circumstances, to treat the contract as nonexistent, or to permit a recovery upon the theory that there was no definite understanding between the parties as to compensation.

It is equally clear that the judgment of the Illinois court is a conclusive adjudication against the plaintiff's present claim. The issues there presented the very question upon the solution of which the plaintiff invokes the doctrine of "unjust enrichment." He aver-

red in his bill for an accounting that the defendants agreed to give him—

"In addition to the same salary that he had heretofore been paid, a certain interest in the profits that should thereafter accrue from said department of silks and velvets under the management of your orator, which interest, it was agreed, should be an equal division between your orator and said J. V. Farwell & Company of all the profits that should accrue over and above the past average of profits in the business of said department of silks and velvets under the management of your orator."

The defendants, in their answer, expressly denied this averment. These are the denials:

"They further deny that at the time named in said bill, to wit, on the 21st day of June, 1889, or at any other time, they promised to give him a certain interest in the profits of the business done in said department, in addition to the salary to be paid to him, or any interest whatever in such profits, for his services; and they further deny that it was agreed between said complainant and said J. V. Farwell & Company at said time, or at any time, that the said complainant should have an interest in the said profits, over and above the past average of the profits therein, which should be an equal division between said complainant and these defendants."

Upon these issues the cause was tried. The plaintiff failed to establish the agreement as averred, and for that reason he was defeated. The master reported as follows:

"I therefore find that said agreement is too indefinite as to the salary for the last half of the year 1889, over and above the specified amount, at the rate of $2,250 per annum, to constitute anything more than a promise of a bonus; and also too indefinite to constitute such an agreement as would entitle the complainant to an account."

That report was in all things confirmed by the circuit court of Cook county, and the plaintiff's bill dismissed. He appealed to the supreme court of Illinois, where the judgment below was affirmed. 34 N. E. 373. We are referred to the opinion of the supreme court as indicating that the judgment was affirmed for reasons other than those given by the master. We have examined the opinion, and we do not think that the supreme court differed substantially from the master. But the reasons given for the affirmance do not alter its legal effect. The adjudication was that no such agreement as that averred in the complaint was made. It is a conclusive adjudication against the plaintiff's claim that there was an agreement for salary plus an equal division of profits. It is equally conclusive in favor of the defendants' claim that the sole agreement was for a specified salary, and that all beyond that was the mere promise of a bonus. There was, therefore, an agreement for the plaintiff's compensation. It was definite in language, if not in the legal effect of that language. The minds of the parties met upon its terms, such as they were. It is true that they construe these terms differently, and now profess a different understanding as to the meaning of the language used. The Illinois court, however, construed that language and those terms. That construction does not correspond with the plaintiff's understanding of what he was to get. That is his misfortune. The court has certainly settled just what the real and enforceable contract between the parties was. The plaintiff cannot thereafter repudiate the contract as indefinite, or as lacking in the ele-

ments of mutual understanding. It was not what he thought it was, but that was simply because the precise language used did not affect the contract in its entirety which he averred.

Upon both the grounds discussed, we think the judgment was clearly right, and that it should be affirmed, with costs. All concur.